[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Ronald Wall, appeals his bench trial conviction for trafficking in PCP in an amount exceeding five times bulk but less than fifty times bulk in violation of R.C.2925.03 (Case No. CR-426359), as well as his conviction for failing to comply with the order or signal of a police officer and thus causing substantial risk of serious physical harm to persons or property in violation of R.C. 2921.331 (Case No. CR-431463.) Although these two offenses took place at different times, defendant was tried for both on the same day by the same judge.
 {¶ 2} In November of 2001, defendant approached a car with two undercover detectives in it and offered to sell them either cocaine or PCP. Unbeknownst to defendant, the detectives had a camera mounted in their dashboard and videotaped this entire transaction. When one of the detectives asked for a bottle of PCP, defendant told him that it cost $400 for "an onion." The detectives later testified that an onion is street slang for one ounce, or twenty-eight grams, of PCP. The detectives did not have enough money to complete this buy and asked for a $40 bottle. Defendant did not have that quantity available, so he offered to sell them "squares," or cigarettes soaked in PCP. The detectives declined to buy the squares and instead bought cocaine from another defendant who is not a party to this case. Because the detectives had a long-standing surveillance underway in Longwood Estates, they did not arrest defendant at that time.
 {¶ 3} In October of 2002, an officer in a patrol car observed defendant driving at a high rate of speed and saw him turn a corner without signaling. The officer pulled defendant over, but after stopping, defendant suddenly drove away and nearly rear-ended another car. He also ran a red light and two stop signs, nearly hit a pedestrian on the sidewalk, and reached a speed of over seventy miles per hour. This time defendant was arrested.
 {¶ 4} He was found guilty of both trafficking and failure to comply. In this consolidated appeal of both convictions, defendant presents two assignments of error, the first of which states:
"I. Evidence Presented was insufficient to support thetrafficking conviction."
 {¶ 5} Defendant argues that the state failed to prove that the amount of PCP he allegedly offered to sell to the undercover detective was between five times and fifty times the bulk amount because there was no proof of the weight of the PCP he offered to sell. He claims, therefore, that his conviction for selling between five times and fifty times the bulk amount was not proven by sufficient evidence.
 {¶ 6} In assessing a claim of insufficient evidence, "the test is whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence." State v.Martin (1983), 20 Ohio App.3d 172, 175. The elements of trafficking are found in R.C. 2925.03, which states:
 {¶ 7} "(A) No person shall knowingly do any of the following:
 {¶ 8} Sell or offer to sell a controlled substance;
 {¶ 9} * * *
 {¶ 10} (C) Whoever violates division (A) of this section is guilty of one of the following:
 {¶ 11} * * *
 {¶ 12} (d) Except as otherwise provided in this division, if the amount of the drug involved equals or exceeds five times the bulk amount but is less than fifty times the bulk amount, aggravated trafficking in drugs is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree. * * *"
 {¶ 13} Bulk amount for PCP is defined in R.C.2925.01(D)(1)(d) as any of the following:
 {¶ 14} "(1) For any compound, mixture, preparation, or substance included in schedule I, schedule II, or schedule III, with the exception of marihuana, cocaine, L.S.D., heroin, and hashish and except as provided in division (D)(2) or (5) of this section, whichever of the following is applicable:
 {¶ 15} * * *
 {¶ 16} (d) An amount equal to or exceeding twenty grams or five times the maximum daily dose in the usual dose range specified in a standard pharmaceutical reference manual of a compound, mixture, preparation, or substance that is or contains any amount of a schedule II opiate or opium derivative."
 {¶ 17} When one of the two detectives in the car asked defendant for a bottle of PCP, he told them that "an onion" cost $400. When asked if a $40 bottle were available, defendant replied that he could provide only an onion or a "square," which is a cigarette dipped in PCP. Both detectives testified that defendant told them he had an onion available for $400. Further, both detectives testified that an onion was the street term for one ounce, or 28 grams, of PCP. Detective Cudo specifically recounted that defendant "wanted $400 for a bottle." Detective Cudo testified that he had served as an expert witness on the subject of PCP in federal court.
 {¶ 18} Defendant never disputes that an onion equals one ounce or that one ounce constitutes more than five times and less than fifty times the bulk amount of PCP. Rather, he argues that the state failed to prove that his verbal offer of an onion was evidence sufficient to establish the offered amount was one ounce. Defendant offers no case law that says the state cannot establish weight by relaying what defendant says along with testimony explaining defendant's street parlance. The testimony of the two detectives who were involved in the interaction, as well as that of the expert witness, however, all support the trial court's findings that defendant offered to sell the detectives an ounce of PCP which offer they declined because they did not have enough money to buy that amount. This assignment of error is without merit.
 {¶ 19} For his second assignment of error, defendant states:
"II. Evidence presented was insufficient to support the failure to comply with order or signal of police conviction."
 {¶ 20} Defendant does not dispute that he drove away from the traffic stop after the police told him to turn off the car. He argues that the state failed to prove that he put others in danger while he was driving away from the police. Defendant was convicted of violating
 {¶ 21} R.C. 2921.331, which states in pertinent part:
 {¶ 22} "(A) No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic.
 {¶ 23} (B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.
 {¶ 24} (C)(1) Whoever violates this section is guilty of failure to comply with an order or signal of a police officer.
 {¶ 25} * * *
 {¶ 26} (5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:
 {¶ 27} * * *
 {¶ 28} (ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."
 {¶ 29} The testimony of one of the officers who was involved in the traffic stop supports the trial court's verdict. An officer testified that he was approaching the passenger side of the car when it suddenly drove away after stopping in response to the police. He also testified that he never lost sight of the car once he and his partner returned to their car to give chase. Additionally, he said that he personally observed the car nearly hit three different vehicles which had to swerve to avoid him. One of these cars had the right of way at a traffic signal and another would have been hit head on when defendant drove on the wrong side of the road. Finally, the officer stated that defendant's car drove onto the sidewalk and forced a pedestrian to jump out of the way to avoid being hit. Clearly, the state sustained its burden of proving that defendant caused a substantial risk of harm to persons or property when he was attempting to elude the police. This assignment of error is without merit.
 {¶ 30} The judgment is affirmed.
Judgment affirmed.
C. Gallagher and O. Calabrese, Jr., JJ., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.